IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

LEOLA STARK, )
)
                 Plaintiff, )        No. 13cv43 EJM
    vs. )
)         ORDER
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
              Defendant. )
.

      Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits and supplemental security income benefits. Briefing concluded January 13, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

      Plaintiff claims disability due to cervical degenerative disc disease, bilateral carpal tunnel syndrome, diabetes mellitus, hepatitis C, glaucoma, emphysema, renal artery aneurysms, and mental health limitations. She asserts the Administrative Law Judge (ALJ) failed to accurately assess and weigh her physical limitations and failed to sufficiently develop the record so as to properly asses her mental health. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision…Substantial evidence is less than a

preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992.)

The court finds that although the findings of the ALJ on the physical limitations of the plaintiff are supported by the record, the record has not been sufficiently developed as to the plaintiff's mental disabilities, including the effects of her substance abuse. The ALJ made a medical assessment that plaintiff is not limited by her mental health. The ALJ acknowledges that plaintiff does have a diagnosis of depression in the record, but nonetheless finds no disability on this grounds, stating only that "it is unclear of the reliability of those statements and their basis in mental/medical conditions other than her ongoing alcohol abuse." (TR 17.) This is a medical opinion of the ALJ and the record has no expert medical opinion regarding plaintiff's mental limitations to support it. Pratt v. Sullivan, 956 F.2d 830, 834 (8th Cir. 1992). "[T[he RFC is ultimately a medical question that must find at least some support in the medical evidence of record." Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004.) The Social Security Administration provides within their regulations that a consultative examination may be purchased in these circumstances, 20 C.F.R. § 416.919a(A)(b), and is required when "[t]he additional evidence is not contained in the records of your medical sources." 20 C.F.R. § 404.1519a(b)(1). There is no consultative examination in this case, and there is no other support for such a finding on plaintiff's mental health. The ALJ could not have made an informed decision

about the claimant's mental residual functional capacity under these circumstances without a consultative examination.   Byound v. Sullivan, 960 F.2d 733, 736 (8th Cir. 1992).

Upon the foregoing, it is the court's view that the record upon which the Commissioner's decision is based is not fully developed as to plaintiff's mental health.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance with this opinion.

February 27, 2014.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT